IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL MATT,

                                                      OPINION and ORDER

                   Plaintiff,

                                                        07-cv-418-bbc

      v.

THE COASTAL CORPORATION
SEVERANCE PAY PLAN and
THE COASTAL CORPORATION
LONG-TERM DISABILITY PLAN,

                   Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil action for monetary relief brought under the Employee Retirement Income Security Act of 1974, (ERISA) 29 U.S.C. §§ 1001-1461 and state law.[1] Plaintiff Daniel Matt contends that defendants The Coastal Corporation Long-Term Disability Plan and The Coastal Corporation Transition Severance Pay Plan acted arbitrarily and capriciously in denying him long term disability and severance benefits. In addition, plaintiff

---

[1] Originally, this case was brought in state court against ANR Pipeline Company, plaintiff's former employer. After ANR Pipeline Company removed the case on diversity grounds, the parties stipulated, among other things, that the case was an action for benefits brought under ERISA. In an order dated February 1, 2008, the court granted the parties' stipulation.

1

contends that defendants' denial of benefits triggers claims for unjust enrichment, estoppel and breach of contract. Jurisdiction is present under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

Now before the court is defendants' motion for summary judgment, which will be granted in full. First, with respect to plaintiff's claims that defendants denied him long term disability and severance benefits arbitrarily and capriciously, plaintiff failed to properly exhaust administrative remedies available to him. Next, plaintiff's promissory estoppel claim fails because plaintiff has not shown that defendants knowingly misrepresented the terms of the plan or that he relied reasonably upon any statements made outside the plan. Finally, plaintiff has waived his claims for unjust enrichment and breach of contract by failing to respond to defendants' arguments.

Before I turn to the facts, a word about procedure is in order. Plaintiff failed to support certain proposed findings of fact with evidence. For example, plaintiff's argument that the exhaustion requirement does not apply hinges on his assertion that defendants did not follow the proper procedures for sending him the letter denying his claim for long term disability benefits. Plt.'s PFOF, dkt. #44, ¶ 28. However, plaintiff did not cite any evidence for this assertion. Plaintiff was advised that "[e]ach factual proposition must be followed by a reference to evidence supporting the proposed fact" and "each proposed finding must be supported by admissible evidence." Procedure to Be Followed on Motions for Summary

Judgment, I.B.2., I.C.1, attached to Preliminary Pretrial Conference Order (August 29, 2007), dkt. #8.  Moreover, plaintiff was advised that "[t]he court will not search the record for factual evidence . . . . if you do not propose a finding of fact with the proper citation, the court will not consider that evidence when deciding the motion [for summary judgment]." Helpful Tips for Filing a Summary Judgment Motion in Cases Assigned to Judge Barbara Crabb, attached to Preliminary Pretrial Conference Order (August 29, 2007), dkt. #8.  In addition, plaintiff discussed several facts in his brief that did not appear in his proposed findings of fact.  I did not consider these facts in deciding the motion for summary judgment.  Procedure, I.B.4.

UNDISPUTED FACTS

A.  Parties

Plaintiff Daniel Matt is an adult citizen of Wisconsin.  Defendants The Coastal Corporation Long-Term Disability Plan and The Coastal Corporation Severance Pay Plan are employee welfare benefit plans organized and maintained under ERISA.

B.  Long Term Disability Benefits

In 1999, plaintiff was injured while working for ANR Pipeline Company.  At the time of his injury, plaintiff was a participant in a long-term disability plan, defendant The Coastal

3

Corporation Long-Term Disability Plan.  The Coastal Corporation was given discretionary authority as the administrator of the plan to interpret the plan provisions and determine eligibility for benefits.  Liberty Life Assurance of Boston administered claims under the plan.

The long term disability plan provides that "[a] Participant who remains Totally Disabled after [a 110 consecutive work day] Qualifying Period shall be eligible to receive the Monthly Disability Benefit for each month  that such Participant is Totally Disabled . . . . payable only as long as the Disabled Former Employee remains Totally Disabled."  For a plan participant to be considered "Totally Disabled" after the first twelve months of disability, he or she must be "completely unable to engage in any occupation or employment for which the Participant is or becomes qualified by reason of his education, training or experience."  However, monthly disability benefits under the plan are reduced by "Other Income Benefits" received by a plan participant on a monthly basis, such as worker's compensation and Social Security Disability Benefits.

In addition, the plan provides that "[a] Participant who is receiving or is eligible to receive benefits under the [long term disability] Plan is considered a Disabled Former Employee.  Such Disabled Former Employee is not an Employee of an Employer."

Under the plan, participants have 60 days to appeal the denial of a claim and cannot bring legal action seeking benefits before exhausting the administrative remedies provided.

On January 31, 2000, plaintiff submitted an application for long term disability

4

benefits under the plan. Plaintiff alleged that on September 13, 1999, a co-worker moving a piece of pipe struck him with the pipe. In his application, plaintiff stated that he was receiving $538 a week in worker's compensation.

In a letter dated March 1, 2000, Liberty informed plaintiff that it approved his long term disability claim, but that plaintiff would not be receiving compensation because his worker's compensation benefits offset completely the benefits available under the plan. In addition, Liberty explained that the plan required plaintiff to apply for Social Security Disability Benefits. Plaintiff followed these instructions and was awarded Social Security Disability Benefits in the amount of $1,440 a month plus dependent benefits.

On July 31, 2001, plaintiff provided documents to Liberty showing that his worker's compensation total temporary disability benefits had been discontinued, but that he was receiving partial permanent disability benefits of $184 a week. Liberty recalculated the benefit, but determined that the offset for other income was still larger than the benefit available under the plan, so plaintiff was not eligible to receive compensation.

On July 26, 2002, plaintiff told someone at Liberty that he had won a settlement in his worker's compensation case and would no longer be receiving monthly worker's compensation payments. Liberty requested additional information on the terms of the settlement in order to calculate an offset in accordance with the plan formula used for lump sum awards of Other Income Benefits.

On August 19, 2002, a Liberty claims manager determined that plaintiff was no longer "Totally Disabled" under the plan and concluded that plaintiff's claim should be closed on that and other grounds. On August 20, 2002, a Liberty supervising manager reviewed plaintiff's file and agreed that it was appropriate to close plaintiff's file because plaintiff was no longer "Totally Disabled" under the plan.

On August 20, 2002, Liberty sent plaintiff a letter explaining its determination that plaintiff was no longer eligible for benefits under the plan. The letter described the procedures available to challenge Liberty's denial, including the information that under ERISA, plaintiff had 180 days from the receipt of the letter to request a review of the denial. Plaintiff did not seek a review of the denial within the 60-day period set forth in the long term disability plan or in the 180-day period quoted in the August 20 letter.

After the August 20, 2002 letter, there was no activity in plaintiff's file until January 2006 when plaintiff's new lawyer contacted Liberty and requested a copy of plaintiff's file. On May 22, 2006, plaintiff's lawyer disputed Liberty's determination that plaintiff was not totally disabled.

C. Severance Benefits

Prior to January 29, 2001, ANR Pipeline Company was a subsidiary of The Coastal Corporation. On January 29, 2001, The Coastal Corporation merged with El Paso

Corporation, and as a result of that merger, ANR Pipeline Company became a subsidiary of El Paso Corporation.

In 2000, Coastal and El Paso created defendant The Coastal Corporation Severance Pay Plan in order to provide severance pay to certain employees whose positions were to be terminated as a result of the merger. The principal human resources officers of Coastal and El Paso were designated as the plan administrator and given full authority under the severance pay plan to interpret the terms and provisions of the plan and make eligibility determinations.

The plan provides that severance pay is available to "Eligible Employees" that within 24 months after the completion of the merger have their employment terminated by their employer without cause. "Eligible Employees" exclude employees whose "employment is terminated following completion of the Merger pursuant to Coastal's employment practices relating to disability plans."

The severance plan provides that "if you believe you are entitled to receive Severance Pay and benefits and you have not received them . . . you must complete and submit a written claim regarding your dispute to the Plan administrator not later than six months after your Termination Date . . . . It is intended that these procedures will be a prerequisite to judicial review of your claim." "Termination Date" means the date designated by Coastal as the date of termination of a participant's employment.

7

In March 2001, plaintiff spoke with an El Paso representative about his eligibility for severance benefits. The representative told plaintiff that plaintiff was not an employee and was not eligible for severance. Plaintiff never filed a written claim for benefits under the severance plan.

## OPINION

### A. ERISA Claims

Plaintiff contends that he is entitled to long term disability and severance pay and that defendants' decisions to deny him those benefits were arbitrary and capricious. Both of plaintiffs' claims must fail because he failed to exhaust the administrative remedies available to him.

Generally, a plaintiff bringing an ERISA claim must exhaust his administrative remedies before filing suit, either under the terms of the plan, or "as a matter of federal common law." Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 873 (7th Cir. 1997). There are "sound policy reasons" behind this rule:

> Requiring exhaustion of administrative benefits enhances the ability of plan fiduciaries to expertly and efficiently manage their plans by preventing premature judicial intervention and assists the courts by ensuring that plaintiffs' claims have been fully considered by plan fiduciaries. The exhaustion requirement also gives effect to Congress' apparent intent, in mandating internal claims procedures, to minimize the number of frivolous lawsuits, to promote consistent treatment of claims, to provide a

8

> nonadversarial dispute resolution process, and to decrease the cost and time of claims settlement.

Wilcynski v. Lumbermens Mutual Casualty Co., 93 F.3d 397 (7th Cir. 1996) (citations and internal quotations omitted).

Plaintiff failed to appeal his denial of long term disability benefits. The long term disability plan required plaintiff to appeal his denial within 60 days of denial, but the letter denying plaintiff's benefits, dated August 20, 2002, allowed 180 days for appeal. Regardless which date is controlling, plaintiff did not meet either of them. Instead, plaintiff waited more than three years to contact representatives at Liberty, through his new lawyer.

In addition, plaintiff failed to appeal his denial of severance pay benefits. The severance pay plan required plaintiff to submit a written claim within six months of the date he was designated as terminated. Although it is not clear precisely when plaintiff was designated as terminated, this uncertainty makes no difference because the facts show that plaintiff *never* filed a written claim disputing his ineligibility for severance benefits.

A plaintiff is not required to exhaust administrative remedies "where there has been a lack of meaningful access to the review procedures" or "where exhaustion of internal remedies would be futile." Id. (citing Smith v. Blue Cross & Blue Shield United of Wisconsin, 959 F.2d 655, 658-59 (7th Cir. 1992)). However, plaintiff fails to adduce facts sufficient to show that either of these exceptions should apply to either denial of benefits.

9

As I explained above, plaintiff's contention that defendants did not advise him properly of Liberty's denial of his long term disability benefits must fail because he failed to set out admissible facts to support his contention.

Because plaintiff failed to exhaust administrative remedies for defendants' decisions to deny him long term disability benefits and severance pay benefits, defendants' motion for summary judgment will be granted on plaintiff's claim that defendants denied him benefits arbitrarily and capriciously.

### B.  State law claims

Initially, plaintiff asserted three state law claims: unjust enrichment, breach of contract and estoppel.  However, plaintiff failed to oppose defendants' arguments that his claims of unjust enrichment and breach of contract claims are preempted.  (Although plaintiff does include a paragraph arguing that he can show unjust enrichment, he never addresses defendants' preemption argument.)  Plaintiff's failure to oppose these arguments constituted a waiver, Wojtas v. Capital Guardian Trust Co., 477 F.3d 924, 926 (7th Cir. 2007), which means I must grant defendants' motion for summary judgment on plaintiff's claims that defendants are liable for their denial of benefits under state law claims of breach of contract and unjust enrichment.

What remains are plaintiff's estoppel claims.  Plaintiff contends that defendant is

10

estopped under ERISA and state law from denying him benefits because defendant misled him into believing that the benefits he would receive under the long term disability plan were more expansive than that plan allowed. First, plaintiff's state law estoppel claims are preempted because they are claims parallel to the ERISA claims. Kannapien v. Quaker Oats Co., 507 F.3d 629, 640 (7th Cir. 2007) (contract and promissory estoppel claims are preempted when plaintiff pursues those claims to receive benefits from ERISA plan). Therefore, summary judgment is appropriate on plaintiff's claim that defendants are liable for denying plaintiff benefits under the state law theories of promissory or equitable estoppel.

Under ERISA estoppel, a plaintiff may seek to estop an ERISA defendant from enforcing the express terms of a plan, but only in "extreme circumstances." Id. at 636. Ordinarily, ERISA estoppel requires "(1) a knowing misrepresentation; (2) made in writing; (3) reasonable reliance on that representation by [a plaintiff]; (4) to [the plaintiff's] detriment." Id. (citations omitted).

Plaintiff failed to properly adduce facts showing how any of the elements of ERISA estoppel could be met. (Plaintiff failed to cite supporting evidence for his key assertion that he received a handbook entitled "Your Benefit Summary 1999" that states, "If you become disabled you may be eligible after 110 days to receive $2,203 a month for as long you are disabled, up to age 62 . . . . Benefit continuation may be extended for a work related

Case: 3:07-cv-00418-bbc   Document #: 49   Filed: 03/31/08   Page 12 of 13

disability.") Therefore, defendants' motion for summary judgment will be granted on plaintiff's claim that defendants were estopped from denying him benefits under ERISA because he was led to believe that the long term disability benefits were more generous than they were.

I note that even if I were to assume that defendants made the statements in the benefits summary handbook as plaintiff alleges, those statements fail to show a "knowing misrepresentation" or "reasonable reliance." The statements do not suggest that plaintiff is entitled to a payment of $2203 automatically upon becoming disabled ("If you become disabled . . . you *may* be eligible") or that all work related disabilities are extended automatically ("Benefit continuation *may* be extended . . ."). In short, the statements are not false or misleading, simply incomplete.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants The Coastal Corporation Long-Term Disability Plan and The Coastal Corporation Severance Pay Plan is GRANTED. The clerk of court is directed to enter judgment for defendants and close

this case.

      Entered this 28th day of March, 2008.

                              BY THE COURT:

                              /s/

                              _____
                              BARBARA B. CRABB
                              District Judge